IDA E. GOODRICH, APPELLEE, V. A. J. CUSHMAN ET AL., APPELLANTS.

[FILED APRIL 13, 1892.]

1. **Duress:** CONVEYANCES: HUSBAND AND WIFE. In an action by a wife against her husband and his sister to set aside a conveyance of real estate of the wife alleged to have been conveyed under duress, there was testimony tending to show such duress on the part of the husband, and that the grantee was not a *bona fide* purchaser. *Held,* That a decree that the purchaser pay the plaintiff the sum of $500 and assume a certain mortgage on the property or be barred, was supported by the evidence.

2. ———: ———: ———. There was no error in permitting the plaintiff to dismiss the case as to the husband.

3, ———: ———: ———. The testimony shows that the plaintiff and Edward C. Goodrich were husband and wife and the decree so finding is in conformity to the proof.

APPEAL from the district court for Hall county. Heard below before GASLIN, J.

*Thompson Bros.*, for appellant, cited: *Fremont Ferry & Bridge Co. v. Dodge Co.*, 6 Neb., 25; *McMurtry v. Brown*, Id., 377; *Mundy v. Whittemore*, 15 Id., 651; Stark, Ev., 711; Wharton, Crim. Ev., sec. 421; *Hamilton v. Smith*, 10 N. W. Rep. [Ia.], 276; *Harmon v. Harmon*, 61 Me., 227; *Bagley v. Smith*, 10 N. Y., 499; *French v. Shoemaker*, 14 Wall. [U. S.], 322; *Dennis v. Crittenden*, 42 N. Y., 546; *Miller v. Miller*, 68 Pa. St., 486; *Grant v. Cropsey*, 8 Neb., 208; Greenleaf, Ev., sec. 339.

*R. C. Glanville*, contra, cited: *Gibson v. Gibson*, 24 Neb., 434; *Hutchins v. Kimmell*, 31 Mich., 126.

MAXWELL, CH. J.

This is an action to remove a cloud from the plaintiff's title to certain real estate. A decree was rendered in the court below that the defendant, A. J. Cushman, pay to the plaintiff the sum of $500 and assume a certain mortgage for the sum of $400, and that the plaintiff recover costs.

The plaintiff claims that Edward C. Goodrich is her husband, and while the action was pending she dismissed the action as to him. It is claimed that in this dismissal the court erred, but no sufficient reason has been stated to show that the ruling was erroneous, and we see no error in the ruling.

It is admitted that A. J. Cushman is the sister of Edward C. Goodrich. This is important because there seems to be some difficulty between Goodrich and his wife, the marriage even being denied. The testimony, however, tends to show the cohabitation of the parties and a present agreement of marriage.

In *Gibson v. Gibson*, 24 Neb., 434, it is said: "It is

regarded as settled by judicial authority throughout the United States that marriage, in its legal sense, is a civil contract; that it is not indispensable that a clergyman or magistrate should be present to authorize and confirm the contract in order to give validity to the marriage. Therefore, if this was made, as appears by contract, either in Iowa or Nebraska, followed by celebration and cohabitation in Illinois, it amounts to a valid marriage, and is not voidable at the will of either party, but is as binding as if made in the presence of chosen witnesses at the Christian altar," and what is said in that case as to the proof is applicable in this:

"The testimony of the appellee is neither improbable nor inconsistent. It is corroborated by the appellant as to time and place of cohabitation following the marriage; by his conduct and correspondence with the appellee; by his direct acknowledgment of the relationship, and by letters addressed to the witnesses who testified to the fact, and by voluntarily assuming the relationship of husband before the appellee's family and before the public. It is further manifested in his letters in evidence, the words and sense of which no exculpatory explanation of the writer is now competent to efface."

On the trial of the cause the plaintiff asked and obtained leave to file an amended petition to conform to the proof. This amended petition shows the grounds on which a recovery is sought. The plaintiff states that on and before the 13th day of March, 1889, she was the owner in fee of lot 10, in block 23, of Russell Wheeler's addition to Grand Island, an incorporated city in Hall county, Nebraska, and occupied the same with the said Edward C. Goodrich as their home; that on said day Edward C. Goodrich, who is her husband, brought to her a deed prepared to convey the said property to the defendant A. J. Cushman, and commanded her to sign the same; that he had only a few days before told her that she must sign a deed

to her property, and when she objected to doing so, became very violent and swore at her and threatened to kill her if she refused, and so when he brought her the said deed and commanded her to sign the same, she was afraid to refuse, and afraid to say to the notary in his presence that she did not do so willingly, and she signed but did not acknowledge the deed, and he took it away with him; and that she signed the said deed in his presence only because she was in fear of death or great bodily harm if she refused so to do; and the plaintiff further says that the defendant, her husband, had often and repeatedly, and within a short time prior to the time he compelled her to sign the said deed, manifested a very violent temper toward her, at one time striking at her face so violently that the blow broke the bone in her hand which she raised to protect her face; at another time choking her by means of a towel around her neck until she became unconscious; at another time striking her in the face with his fist so violently that she would have fallen if he had not caught her; all of which abuse and violence, together with many other instances and the threats above mentioned so terrified her that she signed the said deed against her wish and will, and because of great fear, and only because of such fear.

The plaintiff further says that nothing whatever has been paid to her or to any one else for her for the said property, or as consideration for said deed; that she verily believes and so avers that no consideration was in any manner paid by the defendant A. J. Cushman for said deed; that she verily believes and therefore avers that the said deed has never been delivered to the defendant A. J. Cushman, and states positively that the defendant Edward C. Goodrich has not now and never had any right or authority to sell the said property or to deliver the said deed; that he knew that she never willingly consented to part with the said property, and had only signed the said deed through fear of death or great bodily harm, purposely inspired by his

threats and violence, and that the same was well known by the defendant A. J. Cushman.

The plaintiff further says that she did not voluntarily give up possession of her said property to any one, but that her husband, a few days after the signing of said deed, compelled her to go against her will and wish to the state of Pennsylvania to visit; that she left her goods in her house on said premises, and that shortly after her departure her husband wrote to her that she must not come back to him; that he had sold her things, and urging her to get a divorce from him; that she returned and found strangers occupying the property as renters, and she avers that in no other manner than as above set forth has she given up possession to the property.

"The plaintiff further says that the said property is of the reasonable value of $1,200; that the ground was bought and paid for with her own money; that the buildings were paid for with money raised by mortgage on that said property, said mortgage being for $400; that so far as she knows no amount was agreed upon as a consideration for said deed; that her husband had no right or authority to offer the property for sale or to agree on the purchase price therefor; and that she has never in any manner consented to or ratified any such agreement.

"The plaintiff further says that the defendant Max H. Cushman is the husband of the defendant A. J. Cushman, and has no other interest in the property described or in this controversy, except such as he may have because of such fact.

"The plaintiff therefore prays that the deed mentioned above may be declared void, and that her title to the said property be quieted against the claims of the defendants; or that the defendant A. J. Cushman be required and adjudged to pay to the plaintiff the full value in money of the said property, to-wit, the sum of $800, besides assuming the payment of the $400 mortgage debt above mentioned;

that the defendant Edward C. Goodrich be enjoined from interfering with the plaintiff's property or attempting to control her action in regard thereto, and for such other and further relief as justice and equity require."

The testimony clearly shows that the property in question belonged to the wife, and that A. J. Cushman is not a *bona fide* purchaser. There is no error, therefore, in requiring her to make the payments provided for in the decree. The judgment is right and is

AFFIRMED.

THE other judges concur.